## J. C. LOVETT v. STATE.

No. A-7011. Opinion Filed September 28, 1929.
(281 Pac. 156.)

Anglin & Stevenson and Forrest M. Darrough, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter referred to as the defendant, was by information charged with the crime of selling intoxicating liquor, to wit, Choctaw beer, was tried and convicted, and sentenced to imprisonment in the county jail of Hughes county for 30

days, and to pay a fine of $50 and costs. Motion for new trial was filed, considered, and overruled, and case appealed to this court.

The testimony on behalf of the state is brief, and in substance is: Lewis King and others, whose names are not given, were stopped on the highway by Coke Denny. When stopped, Denny found they had something in a jug which they designated as Choctaw beer. Denny asked Lewis King where he got it, and he tried to tell where it was. He told deputy Denny he got the beer a mile south and a mile east of Horn's store. He claims that Denny came up with them about 4:30 in the afternoon. Lewis King claims he got the beer from the defendant about 100 yards or more from defendant's house.

The defendant denies he sold the prosecuting witness any beer on the day alleged in the information, or that he ever sold beer to him or any one else, and says he lives a mile west of the Horn store; that he was at home all day the day it is alleged by the prosecuting witness he bought this Choctaw beer from the defendant, but that he had visiting him Mr. and Mrs. B. M. Norton. B. M. Norton and his wife, Julia Norton, both testified they went to defendant's home on the Sunday it is alleged that defendant sold this Choctaw beer to the prosecuting witness. They arrived about 10 or 11 o'clock in the morning, and remained until about one hour by sun, when they left defendant's home. They know the date they were there, which was the 18th of September, 1927, by the fact that the defendant came and saw the Nortons, and told them he had been arrested, charged with selling beer the day they were visiting his house. Both Mr. and Mrs. Norton testify positively that no one came to defendant's place after they arrived there in the morning until

about one hour by sun, when they left. They further testify that the defendant did not leave the place during the time they were there, and Mr. Norton says he was with the defendant from the time they arrived until they left, which was about an hour by sun on the 18th day of September, 1927.

The prosecuting witness attempts to say the Choctaw beer he had was intoxicating; that he and the others with him drank about a pint of it, and Coke Denny testified that it was intoxicating. This is in substance the testimony both for the state and the defendant.

The defendant urges, first, that the court erred in overruling the motion of plaintiff in error for a new trial; second, that the verdict of the jury is contrary to the law; third, the verdict of the jury is contrary to the evidence. These three assignments may be considered together, as they all relate to the question as to whether the evidence is sufficient to sustain the judgment. The only question in this case to be decided is the question of the sufficiency of the evidence to convict this defendant. Defendant contends the testimony on behalf of the state is insufficient to show that the prosecuting witness bought this Choctaw beer from the defendant. It is clear from the record that the prosecuting witness had never seen this defendant prior to this alleged offense, if he saw him on that date. The defendant says he did not see the prosecuting witness on that date, nor did he sell him any Choctaw beer. The prosecuting witness attempts to say that when he came to trial he identified the defendant as the man from whom he bought the Choctaw beer, but he admits he talked with one of the defendant's counsel, and stated he did not see the defendant there in the courtroom, or words to that effect.

The defendant further alleges that the testimony is insufficient to show that the prosecuting witness was at the defendant's home and bought Choctaw beer from him at the time of day he alleges he was there, and in support of his contention he called Mr. and Mrs. Norton, neighbors who were visiting him, and who had known him for a long time, and they testify that no one came to defendant's house while they were there, and that the defendant did not leave the premises during the time they were there, and that they were at defendant's house from about 10 or 11 o'clock until about an hour by sun in the afternoon.

The testimony of the state as to the hour it is claimed the Choctaw beer was bought from the defendant, and where it was bought, is not sufficient, in view of the testimony of the disinterested witnesses, who testify as to the whereabouts of the defendant during all of that day. On the question as to whether or not the proof is sufficient to show that the Choctaw beer was intoxicating or not, we hold the proof is insufficient to sustain a conviction.

For the reasons herein stated, the judgment is reversed.

EDWARDS, P. J., and CHAPPELL, J., concur.